## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HOPE VANDROSS | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-03595-TJK |
| CHRONICLE OF HIGHER EDUCATION, INC. (The) | * | |
| | * | |
| Defendant. | * | |
| | * | |

*      *      *      *      *      *      *      *      *

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, The Chronicle of Higher Education, Inc. ("Defendant"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Answer to Plaintiff, Hope VanDross' ("Plaintiff"), Complaint.

Each paragraph below is a response to the allegations in each of the corresponding numbered paragraphs of the Complaint.

## INTRODUCTION

1.      This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent any response is required, Defendant denies the allegations of this paragraph.

2.      This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

## JURISDICTION AND VENUE

3.     This paragraph contains no factual allegations to admit or deny, but rather

states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

4.     This paragraph contains no factual allegations to admit or deny, but rather

states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

5.     This paragraph contains no factual allegations to admit or deny, but rather

states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

## PARTIES

6.     Defendant lacks sufficient knowledge or information to form a belief as to

the truth of the allegations contained in this paragraph, and denies the same.

7.     Defendant admits the allegation of this paragraph.

## STATEMENT OF FACTS

8.     Defendant denies the Plaintiff's categorization of its business as contained

in the allegation in this paragraph.

2

9.      Defendant admits the allegation of this paragraph.

10.     Defendant admits the allegation of this paragraph.

11.     Defendant denies the Plaintiff's categorization of its publications, but admits the remaining allegations contained in this paragraph.

12.     Defendant denies the Plaintiff's categorization of its business as contained in the allegation in this paragraph.

13.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and denies the same.

14.     Defendant admits the allegation of this paragraph.

15.     Defendant admits the allegation of this paragraph.

16.     Defendant admits the allegation of this paragraph.

17.     Defendant admits the allegation of this paragraph.

18.     Defendant admits the allegation of this paragraph.

19.     Defendant admits the allegation of this paragraph.

20.     Defendant denies the allegation of this paragraph.

21.     Defendant admits the allegation of this paragraph.

22.     Defendant denies the allegation of this paragraph.

23.     Defendant admits the allegation of this paragraph.

24.     Defendant denies the allegation of this paragraph.

25.     Defendant denies the allegation of this paragraph.

26.     Defendant admits the allegation of this paragraph.

27.     Defendant admits the allegation of this paragraph.

28.     Defendant denies the allegation of this paragraph.

29.     Defendant denies the allegation of this paragraph.

30.     Defendant admits the allegation of this paragraph.

31.     Defendant denies the allegation of this paragraph.

32.     Defendant denies the allegation of this paragraph.

33.     Defendant denies the allegation of this paragraph.

34.     Defendant denies the allegation of this paragraph.

35.     Defendant denies the allegation of this paragraph.

36.     Defendant denies the allegation of this paragraph.

37.     Defendant denies the allegation of this paragraph.

38.     Defendant denies the allegation of this paragraph.

39.     Defendant denies the allegation of this paragraph.

40.     Defendant denies the allegation of this paragraph.

41.     Defendant admits the allegation of this paragraph.

42.     Defendant denies the allegation of this paragraph.

43.     Defendant denies the allegation of this paragraph.

44.     Defendant denies the allegation of this paragraph.

45.     Defendant denies the allegation of this paragraph.

46.     Defendant denies the allegation of this paragraph.

47.     Defendant denies the allegation of this paragraph.

48.     Defendant denies the allegation of this paragraph.

49.     Defendant denies the allegation of this paragraph.

50.     Defendant admits the allegation of this paragraph, however Defendant denies the characterization of the meetings as "separate" and clarifies that the scheduling of meetings and selection of those in attendance was coordinated according to business function.

51.     Defendant denies the allegation of this paragraph.

52.     Defendant denies the allegation of this paragraph.

53.     Defendant denies the allegation of this paragraph.

54.     Defendant denies the allegation of this paragraph.

55.     Defendant denies the allegation of this paragraph.

56.     Defendant denies the allegation of this paragraph.

57.     Defendant admits a meeting between Ms. VanDross, Ms. Long and Ms. Ransom occurred on July 22, 2019, all other allegations contained in paragraph 57 are denied.

58.     Defendant denies the allegation of this paragraph as stated, but admits Ms. VanDross was not treated differently from any other employees for any reason, including on the basis of race or sex.

59.     Defendant denies the allegation of this paragraph.

60.     Defendant denies the allegation of this paragraph.

61.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and denies the same.

62.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and denies the same.

63.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and denies the same.

64.     Defendant denies the allegation of this paragraph.

65.     Defendant denies the allegation of this paragraph.

66.     Defendant denies the allegation of this paragraph.

67.     Defendant denies the allegation of this paragraph.

68.     Defendant admits the allegation of this paragraph.

69.     Defendant admits the allegation of this paragraph.

70.     Defendant admits the allegation of this paragraph.

71.     Defendant denies the allegation of this paragraph.

72.     Defendant denies the allegation of this paragraph.

73.     Defendant admits the allegation of this paragraph.

74.     Defendant denies the allegation of this paragraph.

75.     Defendant admits that Plaintiff was asked these questions in an interview but denies that the interview emphasized or was limited in any way to these categories.

76.     Defendant denies the allegation of this paragraph.

77.     Defendant denies the allegation of this paragraph.

78.     Defendant denies the allegation of this paragraph.

79.     Defendant admits the allegation of this paragraph.

80.     Defendant denies the allegation of this paragraph.

81.     Defendant admits the allegation of this paragraph.

82.     Defendant admits the reasons listed in this paragraph contributed to a decision to eliminate Plaintiff's position but denies the allegation to the extent that it contains an exhaustive list of all the reasons for the elimination.

83.     Defendant admits the allegation of this paragraph.

84.     Defendant denies the allegation of this paragraph.

85.     Defendant admits the allegation of this paragraph, but clarifies the position was not filled by any candidate until May 2020.

86.     Defendant denies the allegation of this paragraph.

87.     Defendant admits the allegation of this paragraph.

88.     Defendant denies the allegation of this paragraph.

89.     Defendant admits the allegation of this paragraph.

## <u>COUNT I</u>
### Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

90.     Defendant incorporates by reference its responses to the previous paragraphs in response to paragraph 90.

91.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of Civil Procedure.   To the extent any response is required, Defendant denies the allegations of this paragraph.

92.     This paragraph contains no factual allegations to admit or deny, but rather states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

93.     Defendant admits the allegation of this paragraph.

94.     Defendant denies the allegation of this paragraph.

95.     Defendant denies the allegation of this paragraph.

96.     Defendant denies the allegation of this paragraph.

97.     Defendant denies the allegation of this paragraph.

98.     Defendant denies the allegation of this paragraph.

99.     Defendant denies the allegation of this paragraph.

100.    Defendant denies the allegation of this paragraph.

101.    Defendant denies the allegation of this paragraph.

102.    Defendant denies the allegation of this paragraph.

103.    Defendant denies the allegation of this paragraph.

104.    Defendant denies the allegation of this paragraph.

## <u>COUNT II</u>
**Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623 *et seq.***

105.    Defendant incorporates by reference its responses to the previous

paragraphs in response to paragraph 105.

106.    This paragraph contains no factual allegations to admit or deny, but rather

states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph.

107.    Defendant denies the allegation of this paragraph.

108.    Defendant denies the allegation of this paragraph.

109.    Defendant denies the allegation of this paragraph.

110.    Defendant denies the allegation of this paragraph.

111.    Defendant denies the allegation of this paragraph.

112.    Defendant denies the allegation of this paragraph.

113.    Defendant denies the allegation of this paragraph.

114.    Defendant denies the allegation of this paragraph.

115.    Defendant denies the allegation of this paragraph.

116.    Defendant denies the allegation of this paragraph.

## <u>COUNT III</u>
**Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623 *et seq.***

117.    Defendant incorporates by reference its responses to the previous

paragraphs in response to paragraph 117.

118.    This paragraph contains no factual allegations to admit or deny, but rather

states conclusions of law to which no response is required under the Federal Rules of

Civil Procedure.   To the extent any response is required, Defendant denies the

allegations of this paragraph,

119.    Defendant denies the allegation of this paragraph.

120.    Defendant admits a meeting between Ms. VanDross, Ms. Long and Ms.

Ransom occurred on July 22, 2019, all other allegations contained in paragraph 120 are

denied.

9

121.    Defendant denies the allegation of this paragraph.

122.    Defendant denies the allegation of this paragraph.

123.    Defendant denies the allegation of this paragraph.

124.    Defendant denies the allegation of this paragraph.

125.    Defendant denies the allegation of this paragraph.

126.    Defendant denies the allegation of this paragraph.

The Complaint contains "WHEREFORE" clauses to which no response is required.   Defendant denies that Plaintiff is entitled to any relief sought, including actual damages or liquidated damages including back pay, front pay, and reimbursement for lost pension, insurance and all other benefits; compensatory damages and liquidated damages; attorneys' fees; expert witness fees; pre- or post-judgment interest; "costs of court" and "costs of prosecuting this claim;" any "Such [sic] other and further relief to which Plaintiff may be justly entitled;" and/or "no less than four hundred and fifty thousand dollars ($400,000) [sic] in total damages and costs."

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state any claim upon which relief can be granted.

2.    Some or all of Plaintiff's claims are barred by the doctrines of release, laches, waiver, and/or estoppel.

3.    Some or all of Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel.

4.    Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

5.      Some or all of Plaintiff's claims are not actionable because Plaintiff is not entitled to relief under Title VII of the Civil Rights Act of 1964.

6.      Some or all of Plaintiff's claims are not actionable because Plaintiff is not entitled to relief under the Age Discrimination in Employment Act of 1967.

7.      Some or all of Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facie* case under Title VII of the Civil Rights Act of 1964.

8.      Some or all of Plaintiff's claims are not actionable because Plaintiff cannot establish a *prima facie* case under the Age Discrimination in Employment Act of 1967.

9.      The Defendant's alleged actions were not a proximate cause of or a substantial factor in any alleged injury suffered by Plaintiff.

10.     Plaintiff's claims are not actionable because the challenged employment practices were justified by legitimate and non-discriminatory business reasons unrelated to race, age, sex, color, or any other protected characteristic or activity.

11.     Plaintiff's claims are not actionable because the challenged employment practices were justified by legitimate and non-discriminatory business reasons and otherwise were not retaliatory for any claimed protected activity.

12.     Defendant acted in a legal and proper manner as to all personnel actions taken with regard to Plaintiff's employment.

13.     Plaintiff is not entitled, on the law or the facts, to the damages claimed.

14.     Plaintiff did not suffer any damages attributable to any actions of Defendant.

15.     Plaintiff has failed to mitigate the damages, if any, that she claims against

Defendant.

<b><u>RESERVATION OF RIGHTS</u></b>

Defendant reserves the right to assert any and all additional affirmative defenses

that may be determined during discovery.

**WHEREFORE**, Defendant having fully responded to the Complaint, respectfully

requests that the Court enter judgment in its favor, award Defendant its costs and

reasonable attorneys' fees incurred in this lawsuit and afford Defendant such other and

further relief as this Court deems just and proper.

Respectfully submitted,


  */s/*   Eric Paltell

Eric Paltell, #445285

Kollman & Saucier, P.A.

The Business Law Building

1823 York Road

Timonium, Maryland   21093

(410) 727-4300

(410) 727-4391 – fax

epaltell@kollmanlaw.com

*Attorneys for Defendant Chronicle of Higher
Education, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of January, 2021, a copy of Defendant's Answer and Affirmative Defenses was electronically served on Plaintiff's counsel through the Court's ECF system.

<u>    /s/    Eric Paltell               </u>
Eric Paltell