**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| HOPE VANDROSS | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:20-cv-03595-TJK |
| CHRONICLE OF HIGHER EDUCATION, INC. (The) | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \*

## JOINT LOCAL CIVIL RULE 16.3 REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 16.3, and in accordance with the Court's January 25, 2021 Minute Order setting the Scheduling Conference in this matter for February 25, 2021 at 2:00 p.m., Plaintiff Hope VanDross ("*Plaintiff*") and Defendant The Chronicle of Higher Education, Inc. ("*Defendant*"), by and through their respective undersigned counsel, hereby jointly submit this Local Civil Rule 16.3 Report.

The parties hereby state that they conferred about the topics identified in LCvR 16.3 and reached the following agreements on the following matters:

**I.      Brief Statement of the Case**

Plaintiff is a former employee of Defendant who alleges she was discriminated against by her employer when it failed to promote her and thereafter eliminated her position. Plaintiff alleges these acts were in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C.S. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C.S. § 623 *et seq.* Plaintiff further alleges she suffered from retaliation for allegedly engaging in protected activity.

Defendant denies all of Plaintiff's claims and asserts that all of its employment actions were justified by legitimate and non-discriminatory business reasons unrelated to race, age, sex, color, or any other protected characteristic or activity and were otherwise were not retaliatory for any claimed protected activity.

## II. Proposed Schedule

The parties have conferred and propose the following schedule:

| | |
|---|---|
| Rule 26(a)(1)(A) Initial Disclosures: | March 15, 2021 |
| Deadline to Amend the Pleadings or Join Additional Parties: | April 15, 2021 |
| Affirmative Rule 26(a)(2) Expert Disclosures: | July 12, 2021 |
| Responsive Rule 26(a)(2) Expert Disclosures: | August 11, 2021 |
| Deadline to Complete all Fact Discovery: | August 25, 2021 |
| Post-Discovery Conference: | To be determined by the court |
| Dispositive Motion Briefing Schedule: | |
| Deadline to File Motions for Summary Judgment: | October 4, 2021 |
| Deadline to File Responses in Opposition to Motions for Summary Judgment: | October 19, 2021 |
| Deadline to File Replies in Further Support of Motions for Summary Judgment: | November 3, 2021 |

|   |   |
|---|---|
| Deadline to Complete Expert Discovery: | Within 30 days of a decision on dispositive motions. |
| Pretrial Conference: | To be determined by the court |
| Trial: | To be determined by the court |

## III.     LOCAL RULE 16.3 REPORT

1. <u>LCvR 16.3(c)(1) Disposition of the Case by Dispositive Motion</u>:  Defendant believes that this case may be resolved in its entirety by a dispositive motion following the close of discovery.  No dispositive motions have been filed to date.

2. <u>LCvR 16.3(c)(2) Joinder and Amendment of Pleadings Deadline</u>:  The parties agree and propose that the deadline for joining additional parties and/or amending the pleadings be set for <u>April 15, 2021</u>.

3. <u>LCvR 16.3(c)(3) Assignment to a Magistrate</u>:  The parties do not agree to assignment of this matter to a Magistrate Judge "for all purposes, including trial."  The parties, however, do agree to and would be amenable to having a Magistrate Judge assigned as a mediator, if and when the parties agree that mediation would be appropriate.

4. <u>LCvR 16.3(c)(4) Settlement</u>:  The parties cannot determine whether this matter can be settled at this time.

5. <u>LCvR 16.3(c)(5) Alternative Dispute Resolution</u>:  The parties have discussed and wish to reserve the right to jointly request that this matter be referred to a Magistrate

Judge for ADR until an appropriate time that both parties agree that it could lead to a resolution of this case.

6. <u>LCvR 16.3(c)(6) Dispositive Motions and Proposed Briefing Schedule</u>: Defendant believes this case can be resolved through summary judgment. The parties agree and propose the following dispositive motion briefing schedule:

- Dispositive motions shall be filed within 40 days following the close of fact discovery;
- Any papers in opposition shall be filed 15 days thereafter; and
- Any replies in further support of a dispositive motion shall be filed within 15 days thereafter.

7. <u>LCvR 16.3(c)(7) Initial Disclosures</u>:  Each party shall serve its initial disclosures required by Rule 26(a)(1) by March 15, 2021.

8. <u>LCvR 16.3(c)(8) Discovery</u>: The parties anticipate conducting an initial round of written and paper discovery through the exchange of Interrogatories and Requests for Production of Documents and plan to conduct depositions on both party and fact witnesses thereafter. The parties believe that a fact discovery period of six months, to conclude by August 25, 2021, will be necessary.

The parties have agreed to limit fact discovery in the following areas only:

<u>Interrogatories</u>:  No more than 20 per party;

<u>Requests for Admissions</u>:  No more than 20 per party;

<u>Document Requests</u>:  No more than 20 per party;

Depositions: No more than 5 non-party depositions per party.

The parties have discussed the need to enter into a Stipulated Confidentiality & Protective Order governing the production of "confidential" documents and handling of privilege issues under Federal Rule of Evidence 502. The parties request that the Court enter an Order once submitted.

9. LCvR 16.3(c)(9) Electronically Stored Information ("*ESI*"): The parties have no issues to report regarding ESI. The parties agree to produce ESI in PDF format.

10. LCvR 16.3(c)(10) Confidentiality: The parties have discussed the need to enter into a Stipulated Confidentiality & Protective Order governing the production of "confidential" documents and handling of privilege issues under Federal Rule of Evidence 502. The parties request that the Court enter an Order once submitted.

11. LCvR 16.3(c)(11) Expert Discovery: The parties agree and propose that any affirmative Rule 26(a)(2) disclosures shall be served by July 12, 2021 and any responsive Rule 26(a)(2) disclosures shall be served no later than 30 days thereafter, on August 11, 2021.

12. LCvR 16.3(c)(12) Class Action Rule 23 Proceedings: Not applicable.

13. LCvR 16.3(c)(13) Bifurcated Trial and/or Discovery: The parties do not request that trial be bifurcated or managed in phases. The parties have agreed and propose that expert depositions shall not occur until after the Court renders a decision on any dispositive motions, and within 30 days thereafter.

14. <u>LCvR 16.3(c)(14) Pre-Trial Conference</u>:  The parties request that the date of the pretrial conference shall be scheduled 45 to 60 days after any dispositive motions are decided.

15. <u>LCvR 16.3(c)(15) Trial Date</u>:  The parties agree and propose that a firm trial date should be set at the pretrial conference.

16. <u>LCvR 16.3(c)(16) Other Matters</u>:  The parties agree that the current COVID-19 pandemic may impede the parties' abilities to timely complete discovery, especially witness depositions, and that certain deadlines may require amendment at a later date.  The parties have agreed to confer in good faith to resolve any discovery or other issues arising out of the pandemic and will seek further order from the Court should the parties need to modify the requested deadlines.  The parties have no other matters to report.

Dated:  February 5, 2021                                        Respectfully submitted,

| */s/ Ryan A. Hintzen* <br> Ryan A. Hintzen (Bar No. 495538) <br> The Hintzen Law Firm <br> 601 Pennsylvania Ave., South Building <br> Suite 900 <br> Washington, DC 20004 <br> (202) 638-6988 – Phone <br> (202) 639-8238 – Fax <br> Ryan@Hintzenlf.com <br><br> *Attorneys for Plaintiff Hope VanDross* | */s/ Eric Paltell* <br> Eric Paltell (Bar No. 445285) <br> Jordan F. Dunham (Bar No. CA00079) <br> Kollman & Saucier, P.A. <br> The Business Law Building <br> 1823 York Road <br> Timonium, Maryland 21093 <br> (410) 727-4300 – Phone <br> (410) 727-4391 – Fax <br> EPaltell@KollmanLaw.com <br> JDunham@KollmanLaw.com <br><br> *Attorneys for Defendant The Chronicle of Higher Education, Inc.* |
|---|---|

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of February, 2021, the foregoing Joint Local Civil Rule 16.3 Report was served electronically on all parties via the Court's ECF system.

                                         /s/   Eric Paltell
                                        Eric Paltell